UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA,**

                Plaintiff,

v.                                                      Cr. No. 25-20460
                                                      HON. LINDA V. PARKER

**PHILLIP LINSEY JACKSON, JR.,**

                Defendant.
_____/

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR EVIDENTIARY HEARING**

      Defendant Phillip Jackson Jr., through counsel, respectfully moves this Court pursuant to Fed. Rule of Crim. Proc. 12(b)(2)(C), to suppress all evidence obtained through the tracking device warrant issued May 9, 2025, and all evidence derived therefrom, including evidence seized during the subsequent search warrants executed on June 4, 2025, because it was obtained in violation of the Fourth Amendment of the United States Constitution and established Supreme Court precedent.

      Pursuant to Local Rule 7.1(a), undersigned counsel sought concurrence from the government. Concurrence was denied.

                                              Respectfully Submitted,

                                              FEDERAL COMMUNITY DEFENDER OFFICE
                                              Attorney for Mr. Phillip Jackson, Jr.

                                              */s/ Rhonda Brazile*
                                              613 Abbott, Ste. 500
                                              Detroit, MI 48226
                                              Phone: (313) 967-5850
                                              E-mail: Rhonda_Brazile@fd.org

Dated: November 18, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA,**

                Plaintiff,

v.                                                                      Cr. No. 25-20460
                                                                    HON. LINDA V. PARKER

**PHILLIP LINSEY JACKSON, JR.,**

                Defendant.
_____/

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR
EVIDENTIARY HEARING**

**I. STATEMENT OF FACTS**

On May 9, 2025, Detective Hayes obtained a tracking device warrant for Mr. Jackson's vehicle based on two alleged observations of suspected drug transactions (JACKSON_00237). The warrant authorized 60 days of continuous monitoring, including signals from private buildings (JACKSON_00235). Based on data from this tracker, police subsequently obtained and executed search warrants at 28600 Commons Dr. Apt 202 and 14025 St. Marys, Detroit (JACKSON_00215). However, the supporting investigation and resulting affidavit in support of the requested tracker warrant failed to establish probable cause to justify the issuance of the tracker warrant. Since the subsequent search warrants were based upon the defective tracker warrant, the evidence gained must be suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

## II. THE TRACKING WARRANT LACKED PROBABLE CAUSE

### A. The Affidavit Presents Only Vague Suspicions, Not Particularized Evidence

The Fourth Amendment requires probable cause supported by oath or affirmation. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause requires a "fair probability that contraband or evidence of a crime will be found." *Id.* While *Gates* adopted a totality test, it preserved core requirements from *Spinelli v. United States*, 393 U.S. 410 (1969), and *Aguilar v. Texas*, 378 U.S. 108 (1964), that affidavits must provide magistrates with factual bases for conclusions, not merely "wholly conclusory statements." *Gates*, 462 U.S. at 239.

The affidavit presents only two observations: (1) A May 3, 2025 encounter where an unknown person sat in Mr. Jackson's vehicle for 2 minutes (JACKSON_00237), and (2) A May 9, 2025 encounter lasting 45 seconds at Red Oak Inn (JACKSON_00238). Detective Hayes admits officers could not see what, if anything, was exchanged (JACKSON_00238: "Officers observed an unknown subject go up to the passenger window of the vehicle and reach in"). These observations amount to mere suspicion, not probable cause. *Terry v. Ohio*, 392 U.S. 1, 27 (1968) (distinguishing reasonable suspicion from probable cause).

The affidavit's assertions that these brief encounters were "consistent with hand to hand narcotic sales" (JACKSON_00238) constitute the exact type of conclusory statements *Gates* rejected. The affiant provides no facts showing exchange of currency, observable narcotics, statements by participants, or subsequent drug-related behavior—only bare conclusions based on "training and experience" without factual predicates.

### B. The Affidavit Relies on Impermissibly Stale Information

The affidavit's reliance on a 16-month-old arrest from another jurisdiction (JACKSON_00237) constitutes impermissibly stale information. *United States v. Wagner*, 989 F.2d 69, 75 (2d Cir. 1993) (staleness evaluated based on crime alleged). This stale information cannot bootstrap the insufficient observations into probable cause.

3

## III. THE WARRANT VIOLATED ESTABLISHED FOURTH AMENDMENT PRECEDENT

### A. Physical Intrusion Constitutes a Per Se Search Under Jones

In *United States v. Jones*, 565 U.S. 400, 404-05 (2012), the Supreme Court held that the Government's physical intrusion on a constitutionally protected area—the vehicle—to gather information constituted a "search." Justice Scalia's majority opinion emphasized that "the Government physically occupied private property for the purpose of obtaining information." This trespassory test operates independently from the reasonable expectation of privacy analysis.

Here, the warrant authorized "surreptitious entry" into Mr. Jackson's vehicle (JACKSON_00236), precisely the type of physical intrusion *Jones* identified as a search requiring probable cause. The warrant exceeded *Jones* by authorizing monitoring "inside private buildings, garages and other structures" (JACKSON_00235), areas where individuals have reasonable expectations of privacy.

### B. Carpenter Prohibits Pervasive Tracking Without Robust Probable Cause

*Carpenter v. United States*, 138 S. Ct. 2206 (2018), revolutionized Fourth Amendment jurisprudence regarding location tracking. The Court held that: (1) Pervasive tracking triggers Fourth Amendment protection (at 2215): "A person does not surrender all Fourth Amendment protection by venturing into the public sphere"; (2) Duration matters (at 2217): The Court distinguished brief public movements from "longer term GPS monitoring" that provides an "intimate window into a person's life"; and (3) Retrospective surveillance raises unique concerns (at 2218): The ability to reconstruct someone's movements over time "provides an all-encompassing record of the holder's whereabouts."

The Court noted that "when the Government tracks the location of a cell phone it achieves near perfect surveillance, as if it had attached an ankle monitor to the phone's user." (at 2218).

4

The 60-day, 24/7 tracking authorized here (JACKSON_00235) far exceeds the 7-day period the *Carpenter* Court found troubling and constitutes the exact type of "pervasive tracking" *Carpenter* prohibits without robust probable cause.

## IV. THE WARRANT WAS UNCONSTITUTIONALLY OVERBROAD

The Fourth Amendment requires particularity in warrant applications. *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). *Stanford v. Texas*, 379 U.S. 476, 481-82 (1965), traced the particularity requirement to colonial opposition to general warrants, emphasizing that warrants must "particularly describe" the things to be searched to prevent general, exploratory rummaging.

The warrant here authorized: (1) Unlimited geographical tracking throughout Michigan (JACKSON_00235); (2) Monitoring of constitutionally protected spaces including "private buildings, garages and other structures" (JACKSON_00235); and (3) "Surreptitious entry" into the vehicle without exigent circumstances (JACKSON_00236). This breadth violates the particularity requirement and converts the warrant into an impermissible general warrant. *Stanford*, 379 U.S. at 485.

*United States v. Karo*, 468 U.S. 705, 714 (1984), held that monitoring a beeper's signal from inside a private residence violates the Fourth Amendment without a warrant based on probable cause. The warrant's explicit authorization to monitor signals from "inside private buildings" (JACKSON_00235) directly contradicts *Karo*'s holding.

## V. THE AFFIDAVIT CONTAINS MATERIAL MISSTATEMENTS AND OMISSIONS

Under *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), defendants may challenge facially valid warrants where affiants deliberately or recklessly included false statements or omitted material facts. The affidavit states officers identified Mr. Jackson through surveillance (JACKSON_00237), but the actual report reveals identification was based solely on comparing an SOS photo from a distance (JACKSON_00212).

5

The affidavit omitted critical facts: (1) The vehicle is registered to another person (JACKSON_00212); (2) Multiple individuals accessed both searched properties (JACKSON_00216-00217); (3) No controlled purchases were attempted; and (4) No contraband was ever observed. Under *Franks*, if the affidavit's remaining content is insufficient to establish probable cause after removing false statements and adding omitted facts, suppression is required. Here, the corrected affidavit would show only two ambiguous, brief encounters with no observable criminal activity—insufficient for probable cause under any standard.

**VI. ALL SUBSEQUENTLY OBTAINED EVIDENCE MUST BE SUPPRESSED**

Evidence obtained through exploitation of an illegal search must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). The tracker data directly led to: (1) Surveillance at 14025 St. Marys (JACKSON_00223-00224); (2) Establishing patterns used for search warrant probable cause (JACKSON_00215); and (3) The June 4, 2025 searches and seizures.

Without the illegally obtained tracking data, police would not have discovered these locations or developed probable cause for the search warrants. *United States v. Karo*, 468 U.S. 705, 719 (1984) (evidence obtained from illegal electronic surveillance must be suppressed).

## VII. CONCLUSION

The Supreme Court's Fourth Amendment jurisprudence demands suppression here. The Government cannot bootstrap vague suspicions into 60 days of pervasive surveillance that includes monitoring constitutionally protected private spaces. The tracking warrant violated established precedent from *Jones*, *Carpenter*, *Gates*, and *Karo*. All evidence flowing from this constitutional violation must be suppressed.

**WHEREFORE**, Defendant respectfully requests this Court:

1. Suppress all evidence obtained through the tracking device;

2. Suppress all evidence seized during the June 4, 2025 searches;

3. Conduct a *Franks* hearing on the warrant affidavit's misstatements; and

4. Grant such other relief as justice requires.

Respectfully Submitted,

FEDERAL COMMUNITY DEFENDER OFFICE
Attorney for Mr. Phillip Jackson, Jr.

*/s/ Rhonda Brazile*
613 Abbott, Ste. 500
Detroit, MI 48226
Phone: (313) 967-5850
E-mail: Rhonda_Brazile@fd.org

Dated: November 18, 2025

---

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to all counsel of record.